A. W. STANTON v. SELIGMAN, WILLIAMS & BALL, AND
F. W. WILLIAMS.

(Filed 28 May, 1930.)

**Deeds and Conveyances F a—In this case held: grantor in unregistered timber deed could not hold grantee's vendee liable for purchase price.**

Where the grantor in a timber deed does not reserve title to secure the purchase price to be paid at certain intervals, and the grantee enters and cuts timber under the unregistered deed and sells the severed timber to another, the purchaser of the cut timber from the grantee is not liable to the grantor upon being notified by him after he had paid the purchase price to the grantee that the grantee had not paid the grantor therefor.

CIVIL ACTION, before *Moore, Special Judge,* at October Term, 1929, of PASQUOTANK.

At the conclusion of the evidence a motion of nonsuit was sustained and the plaintiff excepted and appealed.

*Aydlett & Simpson for plaintiff.*
*Ehringhaus & Hall for defendants.*

PER CURIAM. On 1 June, 1927, the plaintiff sold to D. P. White "all the pine and gum timber on the farm which the party of the first part now owns in Tyrrell County," together with "all the piling, pine and

gum timber which is now cut down and standing, measuring twelve inches and up at the base." The contract further provided that payments were to be made "one-half of sale price on each lot when delivered to barge or tug unless otherwise agreed to until the one thousand dollars is paid."

This timber deed was not recorded and no lien for the unpaid purchase price was reserved upon the timber. White began cutting timber and sold the timber cut to the defendants who paid him the purchase price. Before the timber was moved plaintiff notified the defendants that he had not been paid, and the defendants declined to pay the plaintiff upon the ground that they had already paid White.

Upon the present state of .the record, we are of the opinion that the judgment of nonsuit was properly entered.

Affirmed.